Spinella v. Unum Life Ins. Co.          CV-94-411-JD  07/14/95

UNITED STATES DISTRICT COURT FOR THE
                           DISTRICT OF NEW HAMPSHIRE


Linda J. Spinella

     v.                                    Civil No. 94-411-JD

Unum Life Insurance Co.


                              O R D E R


     The plaintiff, Linda J. Spinella, has brought an action

against UNUM Life Insurance Co. of America ("UNUM").  The

plaintiff receives disability benefits under a policy issued by

UNUM to the plaintiff's former employer.  Plaintiff also receives

Social Security Disability Income ("SSDI").  UNUM has offset her

benefits by the amount of SSDI received.  The plaintiff now seeks

(1) a declaratory judgment that the policy does not authorize

UNUM to reduce her monthly benefits and (2) the return of all

sums offset by UNUM.  This action arises under the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§

1001 et seq., thus jurisdiction is proper pursuant to 29 U.S.C. §

1132(e).  Currently before the court are cross motions for

summary judgment.



                            Background

     The following facts are undisputed.  In 1984, UNUM issued a

group long-term disability policy ("UNUM Policy") to Computers in

Medicine, Inc. ("CIM") as part of CIM's employee benefit welfare plan. The UNUM Policy provides for payment of disability benefits to full-time CIM employees should they qualify under the terms and conditions of the policy.

In 1985, the plaintiff became disabled and, after satisfying an elimination period, began receiving monthly benefits in the amount of $2,400. At the time UNUM began paying benefits, in accord with the policy, the plaintiff was given the option of (1) having UNUM estimate her potential SSDI and having that amount offset from her policy benefit with a future adjustment based upon the outcome of the SSDI benefits application, or (2) receiving the full $2,400 per month and repaying UNUM any overpayment if SSDI benefits were awarded and having future SSDI awards deducted from the policy benefit. The plaintiff chose the second option. See Executed Option Document, "Company's Agreement Concerning Benefits," Defendant's Exhibit B.

In 1993, the plaintiff was awarded SSDI benefits retroactive to September 1988. These benefits were for the same disability for which she received benefits from UNUM. The initial SSDI award was $932 per month plus past-due benefits totalling $56,141.60. She received an award check for $42,069.60.[1] UNUM reduced her monthly benefit by $932 and calculated a past

---

[1] The amount of the award minus attorney's fees.

2

overpayment of $51,601.72. After subtracting the amount withheld for attorney's fees, $14,035[2], UNUM requested a $37,566.33 reimbursement. The plaintiff paid the full amount. UNUM later discovered that only $4,000 of the lump-sum payment was applied to attorney's fees and therefore requested another $10,035 reimbursement for overpayment. Again, the plaintiff paid the amount in full.

In 1994, the plaintiff was awarded an additional $554 per month in SSDI benefits for her minor child due to her disability. The award was retroactive to November 1992. UNUM calculated an overpayment in the amount of $10,729.13 and reduced Ms. Spinella's monthly payment by $554.00. The plaintiff has not repaid the $10,729.13.

## Discussion

"Summary judgment is appropriate where the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Commercial Union Ins. Co. v. Walbrook Ins. Co., 7 F.3d 1047, 1050 (1st Cir. 1993). The moving party bears the burden of showing that there is no

---

[2]Awards applied to payment of attorney fees are not considered benefits to be offset under the terms of the UNUM policy.

3

genuine, material factual issue.  Snow v. Harnischfeger Corp., 12 F. 3d 1154, 1157 (1st Cir. 1993), cert. denied, 115 S. Ct. 56 (1994).  However, once the moving party has made a properly support motion for summary judgment, the adverse party "must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 250 (1986).

The parties agree that the only issue in dispute is whether the UNUM Policy permits offsetting the plaintiff's monthly disability benefit by the amount of SSDI benefits she and her child receive on account of her disability.  The plaintiff argues that the policy language is ambiguous and must be construed in her favor.  The defendant argues the UNUM Policy expressly permits the offset.  The terms of the policy are as follows:

AMOUNTS OF INSURANCE

a. 60% (benefit percentage) of basic monthly earnings
   not to exceed the maximum monthly benefit, less
   other income benefits.

* * * *

MONTHLY BENEFIT

To figure the amount of monthly benefit:

   1.  Multiply the insured's basic monthly earnings
       by the benefit percentage shown in the policy
       specifications.

   2.  Take the lesser of the amount:

4

        a. determined in step (1) above; or

        b. of the maximum monthly benefit shown in the
           policy specifications; and

    3.  Deduct other income benefits, shown below, from
        this amount.

OTHER INCOME BENEFITS

Other income benefits means those benefits shown below.

                         *  *  *  *

    4.  The amount of disability and/or retirement benefits
        received by the insured under the
    employer's retirement plan.

    5.  The amount of disability or retirement benefits
        under the United States Social Security Act, The
        Canada Pension Plan, or the Quebec Pension Plan, or
        any similar plan or act, as follows:

        a. disability or reduced retirement benefits for
           which:

            i.  the insured is eligible; and

            ii.  his spouse, child or children are
    eligible because of his disability; or

            iii. his spouse, child or children are
    eligible because of his eligibility for
    unreduced retirement benefits; or

        b.  reduced retirement benefits received by:

            i.   the insured; and

            ii.  his spouse, child or children because of
                 his receipt of the reduced retirement
                 benefits.

These other income benefits, except retirement benefits,
must be payable as a result of the same total disability for
which this policy pays a benefit.

Benefits under item 5.a above will be estimated if such benefits:

  1. have not been awarded

  2. have not been denied

  3. have been denied and the denial is being appealed.

The monthly benefit will be reduced by the estimated amount. But, these benefits will not be estimated provided that the insured:

  1. applies for benefits under item 5.a; and

  2. requests and signs the Company's Agreement
    Concerning Benefits.

This agreement states that the insured promises to repay the Company any overpayment caused by an award received under item 5.a.

If benefits have been estimated, the monthly benefit will be adjusted when the Company receives proof:

  1. of the amount awarded; or

  2. that benefits have been denied and the denial is not
    being appealed.

In the case of 2. above, a lump sum refund of the estimated amounts will be made.

UNUM Policy, Coordination of Benefits Clause, Section IV.

The parties agree that this action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. ERISA provides the exclusive remedy for an employee contesting a decision concerning an employee benefit plan. Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41, 51 (1987). Pursuant to ERISA, an employee benefit welfare plan may

6

provide for the "integration" or offsetting of benefits from other maintenance programs so long as the plan expressly provides for integration of benefits. See Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 518-21 (1981).

The Court construes the terms of an ERISA plan according to their plain meaning. See Burnham v. Guardian Life Ins. Co. of America, 873 F.2d 486, 489-90 (1st Cir. 1989). Where the words of the policy are plain, the court must "`refrain from conjuring up ambiguities' and likewise `abjure unnecessary mental gymnastics which give the terms of the policy a forced or distorted construction.'" Id. at 491. The court will consider extrinsic evidence only where such terms are ambiguous. See Firestone, supra, at 112 (citing Restatement (Second) of Trusts § 4, Comment d (1959)); Restatement (Second) of Trusts § 164 Comment e. "So long as contract language is plain and free from ambiguity, it must be construed in its `ordinary and usual sense.'" Burnham, 873 F.2d at 490. However, if an ambiguity is found, the language is construed against the drafter and in favor of the insured. Hughes v. Boston Mutual Life Ins. Co., 26 F.3d 264, 268 (1st Cir. 1994).

The plaintiffs asserts that the Coordination of Benefits Clause contained in the UNUM Policy and set forth above is ambiguous. The basis of plaintiff's argument is extremely

unclear.  The court construes the plaintiff's argument to be (1) the term "disability benefits" is not defined in the definition section of the policy and is only defined in reference to the term retirement plan[3]; (2) it is unclear whether the term "disability benefits" is used with the term "retirement plan" in the coordination of benefits clause; (3) the policy prohibits offsetting certain retirement benefits; and (4) Social Security is a retirement plan and therefore SSDI benefits cannot be offset

---

[3]The provision referred to states:

"Disability benefits", when used with the term retirement plan, means money which:

1. is payable under a retirement plan due to disability as defined in that plan; and

2. does not reduce the amount of money which would have been paid as retirement benefits at the normal retirement age under the plan if disability had not occurred. (If the payment does not cause such a reduction, it will be deemed a retirement benefit as defined in this policy.)

\* \* \* \*

"Retirement plan" means a plan which provides retirement benefits to employees and which is not funded wholly by employee contributions.  The term shall not include a profit-sharing plan, a thrift plan, an individual retirement account (IRA), a tax sheltered annuity (TSA), a individual [sic] ownership plan, or a non-qualified plan of deferred compensation.

UNUM Policy, Definitions Section, Section II.

8

under the terms of the policy.[4]

The plaintiff's argument is without merit.  The UNUM Policy

contains a twelve-page section entitled "Benefits".  This section

---

[4]In addition, the plaintiff contends that summary judgment should not be entered in favor of the defendant because "the issues of whether her election [under the Company's Agreement Concerning Benefits form] was knowingly and voluntarily made and whether she had the capacity to contract at the time of signing is one [sic] of material fact which will preclude summary judgment."  Plaintiff's Joint Motion and Memorandum at 6. According to the plaintiff, although she did sign the election form choosing a repayment option in the event of a Social Security award, due to her chronic fatigue syndrome, her choice was not knowingly and intelligently made.  See Affidavit of Linda J. Spinella (due to effects of medication, at time of signing "I was not in a position to comprehend [the document's] nature and ramifications . . ., but neither did I have the mental acuity or strength of will to resist the request that I sign it until such time as I might better understand it or get independent advice on its meaning.").

The plaintiff's argument deserves scant attention.  It is disingenuous for the plaintiff to argue on the one hand that she is entitled to summary judgement, but on the other hand that the court must deny her opposing party's motion because there is an outstanding issue of material fact.  Moreover, the "issue" of the plaintiff's mental acuity to sign the election form is not genuine, as the defendant does not contest the contents of her affidavit.  Likewise, the issue is not material.  The circumstances surrounding the plaintiff's election to receive full payments subject to later repayment and offset in no way effect the interpretation of the language of the policy.  The plaintiff seems to be under the misconception that the defendant would not be entitled to offset her payments had she not signed the election form .  However, pursuant to the terms of the UNUM policy, had the plaintiff not elected to receive full payment subject to later repayment, the defendant would have estimated the amount of benefits due and reduced her monthly payment by that amount.  Therefore, even if the court were to find that the plaintiff was incompetent at the time she chose her benefit option, that finding would not assist her quest to receive full benefits from both Social Security and from the defendant.

defines disability benefits for purposes of the policy.  The provision of the policy which defines disability benefits when used in conjunction with the term retirement plan is inapplicable to the plaintiff's action.  The provision relied on to offset her benefits states that either the amount of disability or the amount of retirement benefits under the Social Security Act will be offset.  The terms are not used in conjunction.  Furthermore, the plaintiff is receiving a disability benefit, not a retirement benefit.

The Coordination of Benefits Clause expressly provides that other income benefits are to be deducted from the amount of disability insurance due.  Other income benefits include the amount of disability or retirement benefits received under the Social Security Act for which the insured is eligible and the insured's child is eligible because of the insured's disability. SSDI is a disability benefit received under the Act.

Construing the plain meaning of the Coordination of Benefits Clause, the court finds that the UNUM Policy unambiguously provides that the plaintiff's benefits may be reduced by the amount of SSDI benefits she and her son receive because of her disability.  As the defendant notes, "[t]his policy language is simple, plain and means exactly what is says:  Benefits under the Policy will be reduced by SSDI benefits received by Ms. Spinella

10

and her child due to her disability." Defendant's Memorandum in Support of Motion for Summary Judgment at 9. Offset of SSDI benefits is authorized under the UNUM Policy.

<u>Conclusion</u>

The plaintiffs motion for summary judgment (document no. 7) is denied, The defendant's motion for summary judgment (document no. 6) is granted. The clerk of court is directed to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

July 14, 1995

cc: Frank P. Spinella Jr., Esquire
    Edward A. Haffer, Esquire

11